UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| GERALD C. PATRICK, JR. | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:07-cv-174/1:03-cr-145 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

## **MEMORANDUM**

Defendant Gerald C. Patrick, Jr., ("Patrick") has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 [Crim. Court File # 454]. Patrick pleaded guilty pursuant to a written plea agreement to conspiring to distribute at least 50 grams of a mixture containing cocaine base, in violation of 21 U.S.C. § 846. Patrick contends he received ineffective assistance of counsel.[1]

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Patrick was sentenced to a term of imprisonment for 240 months on June 4, 2004. Patrick's judgment was entered on June 10, 2004. Patrick pursued a direct appeal. The United States Court of Appeals for the Sixth Circuit affirmed his judgment on November 21, 2005, and issued its mandate on April 10, 2006. Patrick did not pursue direct review through to a petition for certiorari in the Supreme Court of the United States. "For purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 1136000, *quoting Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). If a defendant pursues direct review through to a petition for

---

[1] Although Patrick refers to a supporting memorandum, no such document is in the Court's file.

certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. When a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing a petition for certiorari. *Clay v. United States*, 537 U.S. 522, 532 (2003). A petition for a writ of certiorari to review a judgment is timely when it is filed within 90 days after entry of the judgment. Rule 13 Supreme Court Rules. Rule 13 specifies that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

The Sixth Circuit's disposition of Patrick's case was filed on November 16, 2005. Therefore, Patrick's ninety days expired on February 14, 2006, and his judgment became final. The one-year statute of limitations for filing a § 2255 motion began on February 15, 2006, and expired February 14, 2007.

Patrick had one year from the time his judgment of conviction became final to file his § 2255 motion. Patrick's § 2255 motion indicates it was delivered to prison authorities on June 30, 2007, however, the envelope is stamped by prison authorities as processed on July 6, 2007. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) FED. R. APP. PROC. Therefore, giving Patrick the benefit of the doubt, his motion is treated as filed on June 30, 2007.

Patrick's judgment of conviction became final on February 14, 2006, when the time expired for him to seek Supreme Court review. Consequently, using the date of February 14, 2006, as the starting point for determining when Patrick's judgment became final and the statute of limitations

2

began to run, Patrick's motion is untimely. The one year statute of limitations under § 2255 expired on February 14, 2007. Since Patrick's § 2255 motion was filed on June 30, 2007, it is untimely.

Accordingly, the time for filing a § 2255 motion in his case was no later than February 14, 2007, which is one year from the date Patrick's judgment of conviction became final. 28 U.S.C. § 2255. Since Patrick's § 2255 motion was filed on June 30,2007, it is time-barred by the statute of limitations and will be **DISMISSED**.

An appropriate judgment will enter.

        **/s/**
        **CURTIS L. COLLIER**
        **CHIEF UNITED STATES DISTRICT JUDGE**